IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **STEPHEN S. EDWARDS**, <br><br> Plaintiff, <br><br> v. <br><br> **VIAL FORTHERINGHAM, LLP**, <br><br> Defendant. | Case No. 3:17-cv-1878-SI <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

Plaintiff Stephen Edwards ("Plaintiff") filed *pro se* claims against Defendant Vial Fortheringham, LLP ("Vial" or "Defendant"). The Court dismissed Plaintiff's first complaint *sua sponte* for failing to state a claim. Plaintiff filed an amended complaint. Plaintiff asserts claims for legal malpractice, fraud, and violations of the Racketeer Influence and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962.[1] Defendant moves to dismiss Plaintiff's claims, arguing that Plaintiff again fails to state a claim. For the reasons stated below, Defendant's motion is granted.

---

[1] Plaintiff also lists 18 U.S.C. §§ 1343 (fraud by wire, radio, or television) and 1344 (bank fraud), but those are criminal statutes of which Plaintiff does not have standing to enforce. *See Robertson v. U.S. ex rel. Watson*, 560 U.S. 272, 278 (2010) ("Our entire criminal justice system is premised on the notion that a criminal prosecution pits the government against the governed, not one private citizen against another."); *Logan v. Superior Court of California, Cty.*

PAGE 1 – ORDER

**STANDARDS**

A complaint fails to state a claim when there is no cognizable legal theory or the factual allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). But to be entitled to a presumption of truth, the complaint must do more than simply allege legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The plaintiff "may not simply recite the elements of a cause of action, but must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The underlying factual allegations must "plausibly suggest an entitlement to relief." *Baca*, 652 F.3d at 1216 (emphasis added). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

*Pro se* plaintiffs receive special dispensation. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or

---

*of Napa*, 2015 WL 3919826, at *6 (N.D. Cal. June 25, 2015) ("Generally, private citizens do not have standing to initiate a federal criminal prosecution."); *Glassey v. Amano Corp.*, 2006 WL 889519, at *3 (N.D. Cal. Mar. 31, 2006), aff'd, 285 F. App'x 426 (9th Cir. 2008) ("Private parties generally lack standing to enforce federal criminal statutes. Title 18 of the United States Code covers 'Crimes and Criminal Procedure;' violations of provisions of specific sections of title 18 are typically prosecuted by the U.S. Attorney's offices."). It appears, however, that these statutes may be referenced as predicate crimes for Plaintiff's RICO claim, which is discussed below.

her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation and internal quotation marks omitted). But even a *pro se* plaintiff must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## BACKGROUND

Plaintiff's amended complaint is not particularly clear. It appears that Plaintiff had a dispute with a homeowner's association, The Lakewood Homeowner's Association ("Lakewood HOA"), of which Plaintiff is currently is or previously was a member. Plaintiff alleges that Lakewood HOA engaged in fraudulent conduct with respect to Plaintiff for more than two years and that Defendant was the law firm that represented Lakewood HOA. Plaintiff further alleges that there was some legal proceeding in the state of Arizona.

Plaintiff alleges that an attorney practicing in the Arizona office of Vial, Mr. Quinten T. Cupps, "lied" to the courts in Arizona and asserts that Mr. Cupps should be disbarred. Plaintiff also alleges that his former attorney was "chased away" after being threatened by another attorney at Vial, and that the Arizona State Bar has not properly dealt with the various attorneys who work at Vial. Plaintiff further alleges that Vial worked for the Lakewood HOA Board of Directors ("Board") and enabled the Board to "maintain a stance of dishonesty to homeowners" and to violate homeowners' rights by improperly passing rules and regulations. Plaintiff alleges that Vial's representation of Lakewood HOA was overzealous and not in the HOA's best interest. Plaintiff alleges that Vial corrupted the Board and Lakewood HOA's management company. Plaintiff further alleges that Vial can perpetuate its "conspiratorial scheme" on a national basis because it has offices in several states.

Plaintiff alleges that Lakewood HOA charges unreasonable fees, that using a management company has resulted in increased fees, that the management company performs "sham services" at highly inflated fees, that Lakewood HOA refers disputes to the management company, that the management company then assesses more fees and fines on the homeowner, and that everything is turned over to Vial for legal enforcement, in a vicious circle. Plaintiff further alleges that there is a lien on his property, placed through "nefarious" circumstances, although he does not allege who placed the lien. It appears that it was Lakewood HOA.

Plaintiff alleges that "Arizona," the Arizona state bar, FedEx, and the City of Phoenix are all co-conspirators with Vial. Plaintiff also alleges that his complaint "relates directly to the Mormon Way of Life and their unorthodox, bizarre and morally questionable values, customs and practices."

## DISCUSSION

### A. Legal Malpractice

To state a claim for legal malpractice, a Plaintiff must allege the following basic elements: duty, breach of duty, causation, and damages. *See Glaze v. Larsen*, 207 Ariz. 26, 29, 83 P.3d 26, 29 (2004) (citing *Phillips v. Clancy*, 152 Ariz. 415, 418 (Ct. App. 1986)); *see also Cecala v. Newman*, 532 F. Supp. 2d 1118, 134 (D. Ariz. 2007). Therefore, one alleging legal malpractice must allege "the existence of an attorney-client relationship which imposes a duty on the attorney to exercise that degree of skill, care, and knowledge commonly exercised by members of the profession." *Philips*, 152 Ariz. at 418.

The Court previously dismissed Plaintiff's legal malpractice claim because he failed to allege facts demonstrating an attorney-client relationship between Vial and himself. His allegations show an attorney-client relationship between Vial and Lakewood HOA or the Board,

but not between Vial and Plaintiff. Nor did Plaintiff purport to bring claims, or seek a remedy, on behalf of Lakewood HOA.

Plaintiff has failed to cure this deficiency. To the contrary, based on Plaintiff's allegations it appears that Vial represented the opposing party in legal proceedings against Plaintiff and that Plaintiff had his own, different attorney, who was "chased away" by Vial. Thus, Plaintiff fails to state a claim of legal malpractice against Vial.

**B.  Fraud**

For claims sounding in fraud, Rule 9(b) of the Federal Rules of Civil Procedure sets a heightened pleading requirement, such that a claim for fraudulent misrepresentation must state the content of the allegedly false statements and "the time [and] place . . . of the false representations as well as the identities of the parties to the misrepresentation." *Ramirez v. Medtronic Inc.*, 961 F. Supp. 2d 977 (D. Ariz. 2013) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). Many of Plaintiff's allegations involve alleged fraud by Lakewood HOA and the HOA's management company. Plaintiff's allegations of fraud involving Vial are that attorneys lied with respect to the Arizona court proceedings and should be disbarred. These allegations do not contain any specificity regarding the content of any alleged false statements, or their specific time and place. The Court need not accept such conclusory allegations of fraud. *Iqbal*, 556 U.S. at 678-79.

**C.  RICO ACT**

"RICO was intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff." *Oscar v. University Students Co-operative Ass'n*, 965 F.2d 783, 786 (9th Cir.1992), *abrogated on other grounds by Diaz v. Gates*, 420 F.3d 897 (9th Cir. 2005). To state a civil claim under RICO, a plaintiff must show that a defendant engaged in a pattern of racketeering activity. *Ticor Title Ins. Co. v. Florida*, 937 F.2d 447, 450 (9th

Cir. 1991). This requires a plaintiff to "show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Nw. Bell Telephone Co.*, 492 U.S. 229, 239 (1989) (emphasis in original). The relationship requirement is satisfied by a showing that the racketeering predicates "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Id.* at 240. "To satisfy the continuity prong of the test, one need only show that the predicates pose a threat of continued criminal activity, such as when the illegal conduct is 'a regular way of conducting [a] defendant's ongoing legitimate business.'" *Ticor*, 937 F.2d at 450 (quoting *H.J.*, 492 U.S. at 239). The heightened standard of Rule 9(b) also applies to RICO claims alleging predicate acts involving fraud. *See, e.g., Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (mail fraud); *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392-93 (9th Cir. 1988) (mail and wire fraud).

Plaintiff appears to allege that Vial engaged in bank fraud and mail fraud as the underlying racketeering activity to support Plaintiff's RICO claim. The elements of mail and wire fraud are "(A) the formation of a scheme to defraud, (B) the use of the mails or wires in furtherance of that scheme, and (C) the specific intent to defraud." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014). Plaintiff's allegations relating to possible mail fraud are conclusory and do not meet the particularity standards of Rule 9(b). It is not clear what he contends was fraudulent that was sent in the mail, when, and by whom. He makes an allegation that he sent payments via FedEx, which persons at the management company falsely declared that they did not receive, and that the management company and Lakewood HOA "hopelessly lost mail," but those allegations do not support a claim for mail

fraud by Vial. Plaintiff does not allege with particularity anything that Vial or an alleged co-conspirator sent in the mail that was allegedly fraudulent or part of a fraudulent scheme.

"The essential elements of bank fraud under 18 U.S.C. § 1344(1) are: '(1) that the defendant knowingly executed or attempted to execute a scheme to defraud a financial institution; (2) that the defendant did so with the intent to defraud; and (3) that the financial institution was insured by the FDIC [Federal Deposit Insurance Corporation].'" *United States v. Rizk*, 660 F.3d 1125, 1135 (9th Cir. 2011) (alteration in original). Plaintiff does not provide any allegations relating to bank fraud.

## CONCLUSION

Defendant's motion to dismiss (ECF 19) is GRANTED. Plaintiff's Amended Complaint (ECF 7) is DISMISSED. Because Plaintiff was previously given a chance to amend his complaint, with a detailed discussion on the deficiencies of his complaint, and failed to cure the identified deficiencies, this case is dismissed with prejudice.

**IT IS SO ORDERED**.

DATED this 17th day of April, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge